# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

ANTONIO BARREDA,         )
                               )
          Movant,      )
                               )
v.                            )         NO. 05-833-CV-W-DW
                               )
UNITED STATES OF AMERICA,   )
                               )
        Respondent.    )

## ORDER

Before this Court is Movant's Motion to Vacate, Set Aside, or Correct His Sentence under 28 U.S.C. § 2255. (Doc. 1).The Government has filed its response in opposition, (Doc. 3), and the Movant has filed his reply. (Doc. 7). After careful consideration of the record and the parties' arguments, the Court denies the §2255 motion.

On November 26, 2003, Mr. Barreda entered into a plea agreement with the United States wherein he plead guilty to the charge of conspiracy to distribute fifty grams of cocaine base. Mr. Barreda was sentenced to 210 months imprisonment on August 27, 2004, the lowest possible sentence in Mr. Barreda's sentencing range under the Federal Sentencing Guidelines. Mr. Barreda challenges this sentence on the grounds that he did not enter the plea agreement knowingly or voluntarily. In support, he argues (1) that the prosecutor acted in bad faith by failing to file a motion for downward departure, and (2) he received ineffective assistance of counsel.

## I.     Waiver

1

The Government argues that Mr. Barreda waived his right to file a §2255 motion under the plea agreement.[1] It is well established Eighth Circuit law that a defendant is allowed to waive his right to appeal. United States v. Andis, 333 F.3d 886, 889 (8th Cir. 2003). This general rule applies to a defendant's waiver of collateral attacks, such as a § 2255 motion. Deroo v. United States, 223 F.3d 919, 923 (8th Cir. 2000). A defendant is barred from filing a § 2255 motion if (1) the appeal is within the scope of the waiver; (2) the waiver was made knowingly and voluntarily; and (3) enforcement of the waiver would not result in the miscarriage of justice. United States v. Aronja-Inda, 422 F.3d 734, 737 (8th Cir. 2005).

The plea agreement states that if the United States Attorney determines the defendant provided substantial assistance, the Government shall request the court to reduce the sentence defendant would otherwise receive under the applicable statutes and/or sentencing guideline. Ultimately, the Government did not file a motion. Mr. Barreda argues that the Government's inaction was an act of bad faith and when he entered into the plea agreement, he had no way of knowing that the Government would act in bad faith. Accordingly, he argues, the waiver of his right to appeal his sentence was neither knowing nor voluntary.

---

[1] Paragraph twelve of the plea agreement reads: "The defendant agrees not to appeal or otherwise challenge the constitutionality or legality of the Sentencing Guidelines. The defendant understands and acknowledges that his sentence will be determined and imposed pursuant to those Sentencing Guidelines. Defendant is aware that a sentence imposed under the Sentencing Guidelines does not provide for parole. The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum established for the offense and expressly waives the right to appeal his sentence, directly or collaterally, on any ground except for an upward departure by the sentencing judge, a sentence in excess of the statutory maximum, or a sentence in violation of law apart from the Sentencing Guideline. However, if the Government exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal his sentence as authorized by 18 U.S.C. § 3742(a)."

2

In the plea agreement, the Government specifically reserves to the Government sole discretion to determine whether to file a motion for downward departure. During Mr. Barreda's change of plea hearing on November 26, 2003, he acknowledged that he understood this provision and that if the government refused to file a motion for downward departure neither he nor the Court could force the government to do so. Based on Mr. Barreda's signing of the plea agreement, the exchange between the Court and Mr. Barreda, and lack of any suggestion that holding otherwise would be a miscarriage of justice, this court finds that Mr. Barreda waived his right to collaterally attack his sentence on the basis of prosecutor's failure to file a motion for downward departure.

Second, Mr. Barreda claims that had he not received ineffective assistance of counsel he would have received a lesser sentence. Mr. Barreda argues that if a plea agreement is entered into as a result of incompetent advice then the waiver does not bar a collateral attack based on ineffective assistance of counsel. Deroo, 223 F.3d at 923-24. However, the right to effective assistance of counsel is waivable if the waiver is made explicit in the plea agreement or colloquy. Chesney v. United States, 367 F.3d 1055, 1058-59 (8th Cir. 2004). A general waiver in the plea agreement is insufficient to waive defendant's right to bring a § 2255 motion based on ineffective assistance of counsel. Id.

In relevant part, paragraph twelve of the plea agreement generally waives any direct or collateral appeals of Mr. Barreda's sentence. While the plea agreement, standing alone, is insufficient to constitute waiver, Mr. Barreda's colloquy with the court establishes otherwise. Mr. Barreda explicitly assured the Court that he understood that he could not later claim ineffective assistance of counsel. Thus, the Court finds Mr. Barreda knowingly and voluntarily waived his right to appeal on the basis of ineffective assistance of counsel.

3

## II.    Merits of Mr. Barreda's Claims

As discussed above, the Court finds that Mr. Barreda knowingly and voluntarily waived his right to file a § 2255 motion. However, even if he did not waive his right to bring the present motion, Mr. Barreda's claims fail on the merits.  If the Government files a Rule 35 motion for downward departure, the court may order a sentence below the statutory minimum. Fed. R. Crim. Pro. 35.  . "A district court generally lacks the authority to grant a downward departure based on a defendant's substantial assistance." United States v. Wolf, 270 F.3d 1188, 1190 (8th Cir. 2001). The Government alone maintains discretion to make such a motion and will do so only if it finds the defendant rendered substantial assistance. Mr. Barreda now argues he is entitled to an evidentiary hearing on substantial assistance. To obtain such a hearing, he must make a substantial threshold showing that the prosecutor's refusal to file the motion was "irrational, in bad faith, or based on an unconstitutional motive. United States v. Davis, 397 F.3d 672, 676 (8th Cir 2005).

Mr. Barreda claims that the prosecutor's refusal to file a Rule 35 motion was in bad faith because he had cooperated with the Government and provided the Government with information in other cases. However, a mere claim of substantial assistance or a generalized allegation of improper motive is insufficient to establish bad faith. Wade v. United States, 504 U.S. 181, 186 (1992). Mr. Barreda does not claim that the prosecutor guaranteed him that a motion for downward departure would be filed. He presents no evidence of irrationality, bad faith, or unconstitutional motive. In fact, the whole of his argument rests on the fact that he disagrees with the prosecutor on how much assistance constitutes substantial assistance.  As such, he fails to make a threshold showing of irrationality, bad faith, or unconstitutionality and is not entitled to an evidentiary hearing or discovery.

Nor does Mr. Barreda succeed on his ineffective assistance of counsel claim. A movant claiming ineffective assistance of counsel must meet the two-part Strickland test. Anderson v. United States, 393 F.3d 749, 753-54 (8th Cir. 2005); Strickland v. Washington, 466 U.S. 668 (1984). To prevail "the movant must show that his counsel's performance was deficient." Anderson, 393 F.3d at 753-54. Then he must show that the deficiency prejudiced his defense. Id. Prejudice is shown when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. The lawyer's conduct must be so egregious as to have deprived the movant of his Sixth Amendment right to counsel. Anderson, 393 F.3d at 754. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

Although Mr. Barreda sets forth several points in his motion, the errors claimed can be summarized in three arguments: (1) counsel failed to properly investigate and advise on the amount of cocaine, (2) counsel was ineffective concerning downward departure, and (3) counsel inadequately advised when advising Mr. Barreda to waive his right to collaterally attack his sentence. Mr. Barreda fails to show that the result of his proceeding would have been different on any of these grounds. First, "[i]n cases involving claims of failure to investigate, a defendant can establish prejudice by showing that the discovery of evidence would have caused counsel to change his recommendation as to the plea offer." Witherspoon v. Purkett, 210 F.3d 901, 903 (8th Cir. 2000). Mr. Barreda does not clearly specify what discovery or what fact counsel failed to make that should have caused counsel to make a different recommendation. Mr. Barreda pleaded guilty to conspiracy to distribute fifty grams or more of cocaine base. The record clearly indicates that the Government's evidence

5

supported a quantity significantly higher than fifty grams. The court cannot agree that counsel was ineffective as to the investigation or advice concerning the quantity of cocaine.

Second, Mr. Barreda claims "counsel led [him] to believe that a motion for a downward departure by the government was virtually certain" and that he failed to object to prosecutor's failure to file a downward departure motion. The court cannot find that these errors, even if true, are so egregious as to have deprived Mr. Barreda to his right to counsel.

Lastly, Mr. Barreda argues that counsel inadequately advised him on waiving his rights to collaterally attack his sentence. He fails to state why counsel's advice was inadequate. Moreover, Mr. Barreda cannot show prejudice as he acknowledged in court that he read the plea agreement and understood the waiver.

## III. Conclusion

For the reasons set forth above, it is hereby ordered that Mr. Barreda's 28 U.S.C. § 2255 Motion is DENIED.


/s/ DEAN WHIPPLE
Dean Whipple
United States District Judge


Date:    March 29, 2006

6